ORDERED.

Dated: May 18, 2016



*Paul Sala, Bankruptcy Judge*

MARK WESBROOKS
THE WESBROOKS LAW FIRM, P.L.L.C.
15396 N. 83rd Ave., Ste. C100
Peoria, Arizona 85381
(602) 262-0390 Fax: (602) 297-6580
Mark.Wesbrooks@azbar.org
State Bar No. 018690
Attorney for Debtors

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>NADEANE MARIE LOBATO<br>and MARVIN EDWARD LOBATO,<br><br>Debtors. | In Proceedings Under Chapter 13<br><br>Case No. 2:16-bk-00378 PS<br><br>**STIPULATED ORDER<br>CONFIRMING CHAPTER 13 PLAN** |

The Chapter 13 Plan having been properly noticed out to creditors and no objections having been filed,

**IT IS ORDERED** Confirming the Plan of Debtors as follows:

A.  **INCOME SUBMITTED TO THE PLAN.** Debtors shall submit the following amounts of future income to the Trustee for distribution under the Plan.

(1) <u>Future Earnings or Income.</u> Debtors shall make the following monthly Plan Payments:
<u>Months</u>        <u>Payments</u>
1-60              $ 2,460.00

Payments are due on or before the 14th day of each month commencing February 14, 2016. Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the plan is deemed completed.

The Debtors shall provide, directly to the Trustee copies of their **federal** and **state**

1

income tax returns for the years 2015, 2016, 2017, 2018 and 2019 within 30 days of filing. The purpose is to assist the Trustee in determining any change in debtor's annual disposable income.

(2) Other Property.

To the extent that the debtors may receive income tax refunds for tax years 2015, 2016, 2017, 2018 and 2019, debtors shall remit net refunds to the plan as supplemental plan payments.

(B) **DURATION.** This Plan shall continue for **60 months** from the first regular monthly payment described in Paragraph 1(a) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate. In no event will the term of the Plan be reduced to less than 60 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(C) **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. This order does not allow claims. Claim allowance is determined by Section 502 and the Federal rules of bankruptcy procedure. The Trustee shall receive the percentage fee on the plan payments pursuant to 28 U.S.C. Section 586 (e), then the trustee will pay secured creditors or allowed claims in the following order:

(1) Administrative expenses. Trustee shall receive such percentage fee of Plan payments as may be periodically be fixed by the Attorney General pursuant to 28 U.S.C. § 586(e), but not to exceed 10 %.

Attorney Fees. Mark Wesbrooks, The Wesbrooks Law Firm, P.L.L.C., shall be allowed total fees in the amount of $4,500.00. Counsel received $1,100.00 prior to filing this case and will be paid $3,400.00 by the Chapter 13 Trustee.

(2) Claims Secured by Real Property.

See Surrendered Property.

(3) Claims Secured by Personal Property.

Santander Consumer dba Chrysler Capital, secured by a lien upon a 2013 Dodge Ram 1500 Truck, shall be paid the sum of $37,708.68, as the secured claim of such creditor, through the trustee, with interest at the rate of 6%. The Creditor shall receive adequate protection payments in the monthly sum of $220.00 for each month of the plan.

Cerastes, LLC, c/o Weinstein & Riley, P.S., secured by a lien upon a 2016 Yamaha YZ250, shall be paid the sum of $8,568.56, as the secured claim of such creditor, through the trustee, with interest at the rate of 6%. The Creditor shall receive adequate protection

payments in the monthly sum of $75.00 for each month of the plan.

Regional Acceptance Co., secured by a lien upon a 2011 Ford Mustang, shall be paid the sum of $21,943.44, as the secured claim of such creditor, through the trustee, with interest at the rate of 6%. The Creditor shall receive adequate protection payments in the monthly sum of $110.00 for each month of the plan.

Freedom Road Financial, secured by a lien upon a 2005 Artic Wildcat, shall be paid the sum of $10,074.48, as the secured claim of such creditor, through the trustee, with interest at the rate of 6%. The Creditor shall receive adequate protection payments in the monthly sum of $95.00 for each month of the plan.

Conn's, secured by a lien upon a household goods/appliances, shall be paid the sum of $3,667.19, as the secured claim of such creditor, through the trustee, with interest at the rate of 0%.

First International Bk, secured by a lien upon a 2015 Dutchman Rubicon, shall be paid monthly post-petition payments directly from the Debtor. There is no claim of arrears to be paid by the Trustee.

(4) Priority Claims.

The Department of the Treasury/Internal Revenue Service has filed a priority claim for income taxes for 2013, 2014 and 2015. This creditor will be paid $8,198.97, the total priority claim of through the plan with no interest.

(5) Surrendered Property

Upon confirmation of this plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtors surrender the following property:

Debtors surrender the 2013 Honda CRF 450R, in which American Honda Finance holds a security interest.

Debtors surrender the 2014 Honda CRF 230, in which American Honda Finance holds a security interest.

Debtors surrender the Colorado Adventure Camper, in which Aspen National Debt holds a security interest.

(6) <u>Other Provisions.</u> None.

(7) <u>Unsecured Claims.</u> Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. Allowed unsecured claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid upon completion of the Plan may be discharged as provided in 11 U.S.C. § 1328.

4. **OTHER PROVISIONS.** None.

5. **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this order. Property of the estate shall be the date of this Order. Property of the estate vests in Debtors herewith, subject to the rights of the Trustee to assert a claim to any additional property of the estate pursuant to 11 U.S.C. § 1306.

**AS SIGNED AND DATED ABOVE**

APPROVED AS TO FORM AND CONTENT:

_____
Edward J. Maney, Trustee

/s/MW018690
Mark Wesbrooks
The Wesbrooks Law Firm, PLLC
Counsel for Debtor

I hereby certify and declare under penalties of perjury that I am current regarding all income tax filings with both state and Federal agencies, and that I am current with respect to any and all domestic support obligations. Furthermore, I have reviewed and approve the above Stipulated Order Confirming, understanding and the payment requirements, including any plan payment increase.

_____
DEBTOR


_____
DEBTOR

16-00378 Lobato
ORDER CONFIRMING PLAN
5
Case 2:16-bk-00378-PS   Doc 34   Filed 05/18/16   Entered 05/19/16 08:32:29   Desc
Main Document   Page 5 of 6

APPROVED AS TO FORM AND CONTENT:

_____
Edward J. Maney, Trustee


/s/MW018690
Mark Wesbrooks
The Wesbrooks Law Firm, PLLC
Counsel for Debtor

I hereby certify and declare under penalties of perjury that I am current regarding all income tax filings with both state and Federal agencies, and that I am current with respect to any and all domestic support obligations. Furthermore, I have reviewed and approve the above Stipulated Order Confirming, understanding and the payment requirements, including any plan payment increase.

_____
DEBTOR

_____
DEBTOR